## BURGENER v. INDUSTRIAL COMMISSION et al.

No. 6072. Decided April 10, 1939. (89 P. 2d 241.)

*E. D. Sorenson,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *F. A. Trottier,* of Salt Lake City, for defendants.

MOFFAT, Chief Justice.

Ardella C. Burgener, on behalf of herself and minor children, made claim to the Industrial Commission of Utah for compensation claiming the death of her husband arose by accident while in the course of his employment. Lincoln Burgener, deceased, was employed as a miner at Park City,

Utah, by the Park City Consolidated Mines Company. On September 18, 1936, while helping a fellow-workman push a mine car full of ore, his feet slipped on the wet track and he fell forward upon his knees or onto his stomach. At the time he complained of pain between his hips and the small part of his back. After the accident he seemed to get worse and with assistance went home. He had "quite a little limp."

Before this injury he had been regarded as strong and healthy. The next day he went to a doctor for consultation and treatment. He never worked a day after the injury and his condition became progressively worse. He walked with a cane and continuously complained of his back, about a year after the accident, Mr. Burgener died of Bright's disease.

The testimony indicates Mr. Burgener was given a number of more or less complete examinations. His personal history was taken into consideration, X-ray films were made, but were entirely negative for injury.

The testimony, without substantial conflict, indicated that applicant's husband died of nephritis or Bright's disease. The question to which the medical and other testimony was directed was whether the injury, about which there is no conflict, was the cause of or so related to a condition found to exist as to be a contributing cause or a cause lighting up a condition the effect of which was to produce death.

The following statement reflects a condensation of the testimony. The relationship between the nephritic condition and the pain suffered was questionable. The two conditions were quite independent of each other. There was no question about an injury; but the doctors were unable to explain why an injury of this type would be serious enough to ultimately take his life. If there had existed a nephritic condition at the time of the injury, it might have been possible that the injury could have seriously aggravated it; but no direct relationship could be traced; nor was there any reason why it should aggravate it. It was also stated in answer to a direct question as to whether the accident was a

factor either of excitation or acceleration, that it was "a possibility but not probable to any measurable degree."

The continued disability starting at the time of the accident and growing progressively worse from that date to the date of the death is impressive that there was a probable relationship between the accident and the death. This arises from the presentation of the evidence on one side of the question. On the other side, one of the doctors testified that there was no connection, and additional testimony tended to establish that the relationship of the accident to the illness causing death was improbable. The result is a conflict in the evidence.

When there is a conflict in the evidence, the final determination of all facts and conclusions is a matter for the commission and when such findings of fact and conclusions have been made by the commission, this court will not disturb them. It has been so held in numerous cases. *Hutchings* v. *Industrial Commission et al.*, 96 Utah 399, 87 P. 2d 11, and the cases therein cited.

The commission could reasonably find and conclude that the death was due to causes other than the accident and that the death did not result from an accidental injury of the employee while in the course of his employment.

The order of the Industrial Commission denying compensation is affirmed.

WOLFE, LARSON, McDONOUGH, and PRATT, JJ., concur.